```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X      For Online Publication Only
Recovery Racing III, LLC,

                        Plaintiff,
                                                                       **MEMORANDUM &
                                                                       ORDER**
              -against-                                                16-CV-3017 (JMA) (AKT)

Maserati North America, Inc.,

                        Defendant.
----------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

FILED CLERK 2/7/2017 3:20 pm U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK LONG ISLAND OFFICE

On January 27, 2017, by oral order, the Court (1) denied plaintiff's motion to remand the action to state court and (2) granted defendant's motion to dismiss plaintiff's first cause of action with prejudice. The Court reserved decision on defendant's motion to dismiss plaintiff's second cause of action. The Court writes now to explain the grounds upon which the motion to remand was denied and the motion to dismiss plaintiff's first cause of action was granted.

Plaintiff's motion to remand the case to state court is denied because Gary Brown cannot be joined as a party pursuant to 28 U.S.C. § 1447(e). 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.") To determine whether joinder under § 1447(e) is appropriate, courts conduct a two-step inquiry. Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc., 148 F. Supp. 2d 321, 327 (S.D.N.Y. 2001). First, courts determine whether joinder is permitted under Federal Rule of Civil Procedure 20(a). Id. Then, courts consider whether permitting joinder would be consistent with principles of fundamental fairness. Id. Rule 20(a) requires that plaintiff state a "right to relief" against Brown. Fed. R. Civ. P. 20(a) ("Persons . . . may be joined in one action as defendants if: (A) any

1

right to relief is asserted against them . . . ; and (B) any question of law or fact common to all defendants will arise in the action."). In its pleadings, plaintiff fails to allege any cause of action against Brown or any wrongdoing by Brown. Plaintiff only names Brown as a party who will be affected by the injunctive relief sought. Accordingly, plaintiff has failed to assert any right to relief against Brown. See Major Oldsmobile, Inc. v. General Motors Corp., No. 93-CV-2189, 1994 WL 9774 (S.D.N.Y. Jan. 12, 1994); see also Gibson v. Cannon, 325 F. Supp. 706, 708 (E.D. Pa. 1971); 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1652 (3d ed. 2001). Because Brown cannot be joined as a party under Rule 20(a), he cannot be joined under § 1447(e).

Defendants' motion to dismiss plaintiff's first cause of action is granted because, as numerous New York courts have found, the New York Franchised Motor Vehicle Dealer Act § 463(2)(cc)(1) provides the exclusive means for challenging the establishment of an additional dealer. See JMM Sunrise Auto., LLC v. Volkswagen Grp. Of Am., Inc., 997 N.Y.S.2d 270, 280 (N.Y. Sup. Ct. 2014); Luxury Autos of Huntington, Inc. v. Volkswagen Grp. Of Am. Inc., 26 N.Y.S.3d 725 (Table), at *7–8 (N.Y. Sup. Ct. 2015); cf. Van Wie Chevrolet, Inc. v. Gen. Motors, LLC, 38 N.Y.S.3d 662, *2–4 (N.Y. App. Div. 2016) (reversing lower court's grant of summary judgment for plaintiff because permitting plaintiff to sue under the statute's general modification provision—N.Y. Vehicle and Traffic Law § 463(2)(ff)—would render the more specific statutory provision barring relocation of other dealers—N.Y. Vehicle & Traffic Law § 463(2)(cc)— "superfluous"). Plaintiff's first cause of action is nothing more than an attempt to challenge the opening of a new Maserati dealership in Smithtown, New York. Plaintiff's challenge under the statute's general modification provision—N.Y. Vehicle and Traffic Law § 463(2)(ff)—is thus barred by the more specific statutory provision—N.Y. Vehicle and Traffic Law § 463(2)(cc)(1)—

governing the establishment of new motor vehicle dealers.

Accordingly, plaintiff's first cause of action is dismissed with prejudice. Plaintiff shall submit a revised Notice of Dismissal dismissing the second cause of action without prejudice.

**SO ORDERED**.

Date: February 7, 2017
Central Islip, New York

/s/ (JMA)
Joan M. Azrack
United States District Judge